BOYD, Justice.
This cause is before us on interlocutory appeal from the Order of the Court of Record, Broward County, denying a motion for insolvency for purposes of appeal costs and trial transcript. Our jurisdiction is based on the companion case, Case No. 38,355, of Willis v. State, the direct appeal from a narcotic conviction wherein the trial court expressly upheld the validity of Florida Statutes § 398.03, F.S.A.
The sole question before us is the correctness of the trial judge’s determination that defendant, appellant herein, is not insolvent within the meaning of Florida Statutes § 924.17, F.S.A., because he did not establish satisfactorily to the Court that he has no property or other means of *64 payment either in his possession or under his control.[1] In its Order the Court carefully reviewed the facts relative to defendant’s ability to finance his appeal and concluded:
“In view of the defendant’s apparent contradictory testimony as to his inability to obtain employment, his apparent ability to retain counsel in this appeal as well as in another matter now pending plus the costs therein and his apparent control over the $12,000 cash bond deposit with the Clerk of this court, it appears that the defendant is not insolvent. * * * ”
It is apparent that defendant was not completely candid in his testimony at the hearing on the motion for insolvency. He stated that he had lost his job with Quaker Masonry Company as a result of his conviction in this cause. A letter from the employer, however, states that defendant left of his own accord and was not dismissed. This letter is referred to in the trial court’s order but was not included in the record on appeal to this Court.
Regarding the $12,000 cash supersedeas bond deposited by defendant’s attorney, To-bias Simon, defendant testified that his mother provided $5,000 and “friends’’ the remaining $7,000. Defendant did not reveal the names of the “friends.” Defendant’s lack of candor in these matters has a bearing on the remainder of his testimony.
We hold that the trial court did not abuse its discretion in denying the motion for insolvency. The Order sought to be reviewed is, accordingly, affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and DREW (Retired), JJ., concur.

. “924.17. In ease the appellant shall be utterly unable to pay the costs of the cause, whether it be capital or not, either in whole or in part, and shall himself make oath before the court or the clerk thereof, and shall also by credible testimony establish satisfactorily to the court that he has no property or other means of payment either in his possession or under his control and has not divested himself of his property for the purpose of receiving benefit from this oath, and is also utterly unable to enter into the bond required to secure the payment of the judgment, fine and costs, the appeal shall be a supersedeas without such payment if the defendant remain in custody, or, in cases not capital, upon his entering into bond with two or more sufficient sureties, conditioned that he shall be personally forthcoming to answer and abide the final order, sentence, or judgment that may be passed in the premises by the appellate court, and also conditioned for his appearance before the court in which the cause was originally determined. * * * ”